FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Ameilia Tait Driscoll, as Trustee of L. E. Tait Trust, and Pauline Tait, Suellen Tait, and Deborah Tait, Trust Beneficiaries, | **DEFENDANTS** <br> Ultimate Reserve Trust, and James E. Tait, Debtor |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Reeves & Stewart PC <br> PO Box 447 <br> Selma, Alabama 3670200447 | **ATTORNEYS** (If Known) <br> Timothy M. Lupinacci <br> Baker Donelson Bearman, Cadlwell and Berkowitz PC <br> and <br> Andrew M. Cromer, Jr. |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☑ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☑ Creditor ☑ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> Rule 7001(2) proceeding to determine validity of a mortgage held by Ultimate Reserve Trust ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  James E. Tait | BANKRUPTCY CASE NO. 07-12174 | |
| DISTRICT IN WHICH CASE IS PENDING  Southern District of Alabama | DIVISIONAL OFFICE  Northern | NAME OF JUDGE  Mahoney |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE  February 19, 2008 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  B. Kincey Green Jr | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | CASE NO. 07-12174-MAM |
| JAMES E. TAIT, | ) | CHAPTER 11 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| AMELIA TAIT DRISCOLL, as Trustee of | ) | |
| the L. E. TAIT TRUST, dated October 6, | ) | ADVERSARY PROC. NO. _____ |
| 1978, and PAULINE TAIT, SUELLEN | ) | |
| TAIT, and DEBORAH TAIT, beneficiaries | ) | |
| of said Trust, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ULTIMATE RESERVE TRUST AND | ) | |
| JAMES E. TAIT, DEBTOR | ) | |
| | ) | |
| Defendants. | ) | |

## ADVERSARY COMPLAINT UNDER 7001(2) AND CONTINUATION OF STAY

(1) Amelia Tait Driscoll ("Driscoll") is the Trustee of the L. E. Tait Trust (hereinafter referred to as the "Tait Trust"), dated October 6, 1978, having been appointed as successor Trustee to James E. Tait, pursuant to the terms of the trust document.

(2) ULTIMATE RESERVE TRUST is believed to be a trust created under the laws of the State of Alabama, primarily doing business in Mobile, Alabama, as a subsidiary or wholly owned enterprise of American Resources Insurance Company, Inc., licensed and doing business in Alabama.

(3) James E. Tait is a resident of Alabama and the debtor in bankruptcy of the primary underlying case.

(4) This is a proceeding under Bankruptcy Rule 7001(2) to determine the validity of an attempted mortgage. The Court has jurisdiction over the parties and the subject matter of this complaint pursuant to 28 USC §151, §157 and §1334; and, this is a core proceeding pursuant to 28 USC §157.

(5) The Tait Trust owns certain real property located in Wilcox County, Alabama for the sole benefit of the beneficiaries of the Tait Trust. The real property (hereinafter referred to as "subject property") is described as:

> NW 1/4 of Section 27, NW 1/4 of the SW 1/4 of Section 27, all in Township 11 North, Range 7 East, except all south of Greenville and Black's Bluff Road in E ½ of NW 1/4 of Section 27, all in Township 11 North, Range 7 East, containing 165 acres, more or less.

(6) On or about November 17, 2006, James E. Tait, while allegedly indebted to defendant, ULTIMATE RESERVE TRUST, participated in an attempted transfer of real property to secure the personal indebtedness of James E. Tait, who formerly served as trustee of the Tait Trust, which document was recorded on November 21, 2006, in Book 208, at Page 41, in the Probate Office of Wilcox County, Alabama, a copy of which is attached hereto as Exhibit "A". The attempted mortgage describes the subject property owned solely by the Tait Trust.

(7) The attempted mortgage recorded in the Probate Office of Wilcox County was clearly intended by the participating parties to grant ULTIMATE RESERVE TRUST a mortgage interest on the subject property. The attempted mortgage was, however, void at its inception because (1) the named mortgagor has never owned and does not presently own, a legal, equitable or transferable interest in the subject property; (2) the mortgagee attempted to obtain an interest in collateral to secure an antecedent debt that was entirely personal to the named mortgagor; (3) the mortgagee attempted to obtain an interest in collateral to secure an antecedent debt of mortgagor that never had any relationship to the Tait Trust or to the Tait Trust beneficiaries; (4) the language of the Tait Trust did not permit a trustee of the Tait Trust to use trust property to satisfy personal debts of a trustee; (5) the attempted mortgage clearly states in the body of the document that the mortgage was negotiated to secure the personal indebtedness of

James E. Tait, the trustee of the Tait Trust, a prohibited transaction according to the terms of the Trust and according to all existing fiduciary case law; and,

      (8)    The attempted conveyance of a mortgage on trust property completely failed because of a complete lack of and absence of any consideration flowing to the Tait Trust.

Wherefore, your Plaintiffs ask the Court to determine the attempted mortgage is void and of no effect; and, pending its ruling, to continue the automatic stay presently imposed upon the subject property.

                                                                B. KINCEY GREEN, JR., GREEB2004

                                                                ALLEN S. REEVES, REEVA6816

Attorney for Plaintiffs,
REEVES & STEWART, P.C.
P. O. Box 447
Selma, Alabama 36702-0447
Telephone: (334) 875-7236

THIS INSTRUMENT WAS PREPARED BY:

Donald M. McLeod
Attorney at Law
Post Office Box 788
Camden, Alabama 36726

Wilcox Co., AL I CERTIFY THIS INSTRU-
MENT WAS FILED 11/21/2006 11:38:56 AM
MORTGAGE, M280 Page 41 Entry#: 11266
DEED TAX:$0.00 MORTG TAX:$1,470.00 MIN TAX:$0.00
REC-FEE:$9.00

Jerry Boggan Judge of Probate

## MORTGAGE

STATE OF ALABAMA )

WILCOX COUNTY )

KNOW ALL MEN BY THESE PRESENTS: That Whereas,

JAMES E. TAIT, individually, a married person,

(whether one or more, hereinafter called "Mortgagors"), is justly indebted to

ULTIMATE RESERVE TRUST

(hereinafter called "Mortgagee"), in the sum of Nine Hundred Eighty Thousand and 00/100 Dollars ($980,000.00), evidenced by Promissory Note of even date herewith and payable according to the terms thereof;

*And Whereas*, Mortgagors may hereafter become indebted to Mortgagee in a further sum or sums, and this conveyance is made for the security and enforcement of the payment of both said present and any such future indebtedness;

*And Whereas*, Mortgagors agreed, in incurring said indebtedness, that this mortgage should be given to secure the prompt payment thereof with interest and any further sum or sums for which Mortgagors may hereafter become indebted to Mortgagee;

NOW THEREFORE, in consideration of the premises, said Mortgagors,

JAMES E. TAIT, Trustee; JAMES E. TAIT and GAIL P. TAIT,

and all others executing this mortgage, do hereby grant, bargain, sell and convey unto the Mortgagee the following described real estate, situated in Wilcox County, State of Alabama, to wit:

NW ¼ of Section 27; NW ¼ of SW ¼ of Section 27 all in Township 11 North, Range 7 East, except all south of Greenville and Black's Bluff Road in East half of NW ¼ of Section 27, all in Township 11 North, Range 7 East. Containing 165 acres, more or less.

This is a second mortgage which is subject to the prior first Mortgages to Town Country National Bank.

Said property is warranted free from all incumbrances and against any adverse claims, except as stated above.

B JCW 728579 v1
2902938-000001 11/14/2006

## EXHIBIT "A"

TO HAVE AND TO HOLD the above granted property unto Mortgagee, Mortgagee's successors and assigns forever; and for the purpose of further securing the payment of said indebtedness, the undersigned agrees to pay all taxes or assessments when imposed legally upon said premises, and should default be made in the payment of same, Mortgagee may at Mortgagee's option pay off the same; and to further secure said indebtedness, Mortgagors agree to keep the improvements on said real estate insured against loss or damage by fire, lightning and tornado for the fair and reasonable insurable value thereof, in companies satisfactory to Mortgagee, with loss, if any, payable to Mortgagee, as Mortgagee's interest may appear, and promptly to deliver said policies, or any renewal of said policies, to Mortgagee; and if undersigned fails to keep said property insured as above specified, or fails to deliver said insurance policies to Mortgagee, then Mortgagee, or assigns, may at Mortgagee's option insure property for said sum, for Mortgagee's own benefit, the policy, if collected, to be credited on said indebtedness, less costs of collecting same; and all amounts so expended by Mortgagee for taxes, assessments or insurance shall become a debt to Mortgagee or assigns, additional to the debt hereby specially secured, and shall be secured by this mortgage, and shall bear interest at the maximum rate allowed by law from date of payment by Mortgagee, or assigns, and be at once due and payable.

Upon condition, however, that if Mortgagors pay all indebtedness secured hereby, including future advances and reimburse Mortgagee or assigns for any amounts Mortgagee may have expended for taxes, assessments, and insurance, and interest thereon, then this conveyance to be null and void; but should default be made in the payment of any sum expended by the Mortgagee or assigns, or should any indebtedness hereby secured, or any part thereof, or the interest thereon, remain unpaid when due or at maturity, or should the interest of Mortgagee or assigns in said property become endangered by reason of the enforcement of any prior lien or incumbrance thereon, so as to endanger the debt hereby secured, then in anyone of said events, the whole of the indebtedness hereby secured shall at once become due and payable, and this mortgage shall be subject to foreclosure as provided by law in case of past due mortgages, and Mortgagee, its agents or assigns, shall be authorized to take possession of the premises hereby conveyed, and with or without first taking possession, after giving twenty-one day's notice, by publishing once a week for three consecutive weeks the time, place and terms of sale in some newspaper published in said County and State, sell the same in lots or parcels or en masse as Mortgagee, its agents or assigns deem best, in front of the Court House door of the County (or the division thereof) where said property is located, at public outcry, to the highest bidder for cash, and apply the proceeds of the sale: First, to the expenses of advertising, selling and conveying, including a reasonable attorney's fee not to exceed 15% of the unpaid debt upon default; Second, to the payment of any amounts that may have been expended, or that it may then be necessary to expend, in paying insurance, taxes, or other incumbrances, with interest thereon; Third, to the payment of the indebtedness hereby secured in full, whether the same shall or shall not have fully matured at the date of said sale, but no interest shall be collected beyond the day of sale; and Fourth, the balance, if any, to be turned over to Mortgagors; and the undersigned further agree that Mortgagee, its agents or assigns may bid at said sale and purchase said property, if the highest bidder therefor; and the undersigned further agree to pay to Mortgagee or assigns, a reasonable attorney's fee not exceeding 15% of the unpaid debt upon default for the foreclosure of this mortgage in Chancery, should the same be so foreclosed, said fee to be a part of the debt hereby secured.

IN WITNESS WHEREOF the undersigned JAMES E. TAIT, Trustee; JAMES E. TAIT and GAIL P. TAIT, have hereunto set their signatures and seals this 17th day of November, 2006.

_____ (SEAL)
James E. Tait, Trustee

_____ (SEAL)
James E. Tait

_____ (SEAL)
Gail P. Tait

STATE OF ALABAMA )
WILCOX COUNTY )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that James E. Tait, Trustee, whose name is signed to the foregoing conveyance, and who is known to me, acknowledge before me on this day that, being informed of the contents of the conveyance, he as such Trustee and with full authority executed the same voluntarily on the day the same bears date.
Given under my hand and official seal this 17th day of November, 2006.

_____
Notary Public
My Commission Expires: 01/09/07

STATE OF ALABAMA )
WILCOX COUNTY )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that James E. Tait and Gail P. Tait, whose names are signed to the foregoing conveyance, and who are known to me, acknowledge before me on this day that, being informed of the contents of the conveyance, they executed the same voluntarily on the day the same bears date.
Given under my hand and official seal this 17th day of November, 2006.

_____
Notary Public
My Commission Expires: 01/09/07

B JCW 123579 v1
2902938-000001 11/14/2006